## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CICCOTELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MOMENTIVE GLOBAL INC., SUSAN L. ) | |
| DECKER, DAVID EBERSMAN, DANA L. ) | |
| EVAN, RYAN FINLEY, ERIKA H. JAMES, ) | |
| ZANDER LURIE, SHERYL SANDBERG, ) | |
| BENJAMIN C. SPERO, BRAD SMITH, ) | |
| SERENA WILLIAMS, ZENDESK, INC., and ) | |
| MILKY WAY ACQUISITION CORP., ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.  This action stems from a proposed transaction announced on October 28, 2021 (the "Proposed Transaction"), pursuant to which Momentive Global Inc. ("Momentive" or the "Company") will merge with Zendesk, Inc. ("Parent") and Milky Way Acquisition Corp. ("Merger Sub," and together with Parent, "Zendesk").

2.  On October 28, 2021, Momentive's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Zendesk.  Pursuant to the terms of the Merger Agreement, Momentive's stockholders will receive 0.225 shares of Parent for each share of Momentive common stock they own.

3.     On December 6, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Momentive common stock.

9.     Defendant Momentive is a Delaware corporation and a party to the Merger Agreement.  Momentive's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "MNTV."

10.     Defendant David Ebersman is Chairman of the Board of the Company.

11.     Defendant Susan L. Decker is a director of the Company.

12.     Defendant Dana L. Evan is a director of the Company.

13.     Defendant Ryan Finley is a director of the Company.

14.     Defendant Erika H. James is a director of the Company.

15.     Defendant Zander Lurie is Chief Executive Officer and a director of the Company.

16.     Defendant Sheryl Sandberg is a director of the Company.

17.     Defendant Benjamin C. Spero is a director of the Company.

18.     Defendant Brad Smith is a director of the Company.

19.     Defendant Serena Williams is a director of the Company.

20.     The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

23.     Momentive is a leader in agile experience management, delivering powerful, purpose-built solutions that bring together the best parts of humanity and technology to redefine AI.

24.     On October 28, 2021, Momentive's Board caused the Company to enter into the Merger Agreement with Zendesk.

25.     Pursuant to the terms of the Merger Agreement, Momentive's stockholders will receive 0.225 shares of Parent common stock for each share of Momentive common stock they own.

26.     According to the press release announcing the Proposed Transaction:

Zendesk (NYSE: ZEN) and Momentive (NASDAQ: MNTV) have entered into a definitive agreement under which Zendesk will acquire Momentive, including its iconic SurveyMonkey platform. The terms of the transaction provide for Momentive stockholders to receive 0.225 shares of Zendesk stock for each share of Momentive stock, a ratio which represents an implied value of approximately $28 per outstanding share of Momentive stock based on the 15-day volume weighted average price of Zendesk common stock up to and including October 26, 2021. . . .

Transaction Terms

Following a comprehensive review, the boards of directors of Zendesk and Momentive have approved the transaction.

The terms of the transaction provide for Momentive stockholders to receive 0.225 shares of Zendesk stock for each share of Momentive stock, a ratio which represents an implied value of approximately $28 per outstanding share of Momentive stock based on the 15-day volume weighted average price of Zendesk common stock up to and including October 26, 2021. Upon closing of the transaction, Zendesk stockholders will own approximately 78% of the combined company and Momentive stockholders will own approximately 22% of the combined company. The transaction, which is anticipated to close in the first half of 2022, is subject to approval by Zendesk stockholders and Momentive stockholders, the receipt of required regulatory approvals and other customary closing conditions. The transaction is intended to qualify as a tax-free reorganization for U.S. federal income tax purposes. . . .

Advisors

Goldman Sachs & Co. LLC is serving as lead financial advisor and Centerview Partners LLC is also serving as financial advisor to Zendesk. Hogan Lovells US LLP is serving as legal counsel to Zendesk. Allen & Company LLC and J.P. Morgan Securities LLC are serving as equal lead financial advisors and Wilson Sonsini Goodrich & Rosati Professional Corporation is serving as legal counsel to Momentive.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

27.     Defendants filed the Registration Statement with the SEC in connection with the

Proposed Transaction.

28.     As set forth below, the Registration Statement omits material information.

29.     First, the Registration Statement omits material information regarding the Company's and Zendesk's financial projections.

30.     The Registration Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Allen & Company LLC ("Allen & Company") and J.P. Morgan Securities LLC ("J.P. Morgan").

33.     With respect to Allen & Company's Selected Public Companies Analyses for Momentive and Zendesk, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

34.     With respect to Allen & Company's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions.

35.     With respect to Allen & Company's Discounted Cash Flow Analysis for Momentive, the Registration Statement fails to disclose: (i) the terminal values for the Company; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates.

36.     With respect to Allen & Company's Discounted Cash Flow Analysis for Zendesk, the Registration Statement fails to disclose: (i) the terminal values for Zendesk; and (ii) the inputs

and assumptions underlying the discount rates and perpetuity growth rates.

37.     With respect to Allen & Company's analysts' price targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

38.     With respect to J.P. Morgan's Public Trading Multiples Analyses for Momentive and Zendesk, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

39.     With respect to J.P. Morgan Discounted Cash Flow Analysis for Momentive, the Registration Statement fails to disclose: (i) the terminal values for the Company; (ii) the inputs and assumptions underlying the discount rates and terminal growth rates; and (iii) the fully-diluted shares outstanding used in the analysis.

40.     With respect to J.P. Morgan Discounted Cash Flow Analysis for Zendesk, the Registration Statement fails to disclose: (i) the terminal values for Zendesk; (ii) the inputs and assumptions underlying the discount rates and terminal growth rates; and (iii) the fully-diluted shares outstanding used in the analysis.

41.     With respect to J.P. Morgan's Discounted Equity Research Analyst Price Targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

42.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43.     Third, the Registration Statement fails to disclose the timing and nature of the past services J.P. Morgan provided to the parties to the Merger Agreement and their affiliates.

44.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

45.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Momentive**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Momentive is liable as the issuer of these statements.

48.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

7

51.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

52.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Zendesk**

54.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.     The Individual Defendants and Zendesk acted as controlling persons of Momentive within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Momentive and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56.     Each of the Individual Defendants and Zendesk was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Registration Statement.

58.     Zendesk also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59.     By virtue of the foregoing, the Individual Defendants and Zendesk violated Section 20(a) of the 1934 Act.

60.     As set forth above, the Individual Defendants and Zendesk had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  December 15, 2021                              **RIGRODSKY LAW, P.A.**

                                              By:   */s/ Gina M. Serra*_____
                                                    Seth D. Rigrodsky
                                                    Timothy J. MacFall
                                                    Gina M. Serra
                                                    Vincent A. Licata
                                                    825 East Gate Boulevard, Suite 300
                                                    Garden City, NY 11530
                                                    (516) 683-3516
                                                    sdr@rl-legal.com
                                                    tjm@rl-legal.com
                                                    gms@rl-legal.com
                                                    vl@rl-legal.com

                                                    *Attorneys for Plaintiff*